A CERTIFIED TRUE COPY

ATTEST

By Bonita Bagley on Dec 20, 2007

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Dec 20, 2007**

**FILED**
**CLERK'S OFFICE**

## IN RE:  LIFE INSURANCE CO. OF GEORGIA
## INDUSTRIAL LIFE INSURANCE LITIGATION

Billie A. Auld, et al. v. Life Insurance Co. of Georgia, et al.,    )
     E.D. Louisiana, C.A. No. 2:04-2262    )     **MDL No. 1390**
     (S.D. Mississippi, C.A. No. 5:04-55)



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 2 1 2007
J. T. NOBLIN, CLERK
BY_____DEPUTY

**REMAND ORDER**

    **Before the entire Panel\***: Defendants move pursuant to Rule 7.6(f), R.P.J.P.M.L., 199 F.R.D. 425, 438 (2001), to vacate the order conditionally remanding this action from the Eastern District of Louisiana to the Southern District of Mississippi.  Plaintiffs did not respond to the motion.

    After considering the argument of counsel, we find that remand of this action is appropriate. Whether Section 1407 remand is appropriate for an action in any particular multidistrict litigation is based upon the totality of circumstances involved in that docket.  The following quotation from our precedent is instructive:

        The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative.  Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)].  In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings.  *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F.Supp. 254, 256 (J.P.M.L. 1976).  The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended.  *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).

    In the matter now before us, the transferee judge has determined that he has completed his task under Section 1407 as transferee judge with respect to this action.  We adopt that conclusion and therefore will order remand of the action.  The transferor court can address any issues related to the

---

    \*    Judge Scirica took no part in the decision of this matter.

- 2 -

disputed settlement of claims in this action and, if not settled, coordinate any necessary pretrial proceedings with actions in the transferee district, which involve at least one common plaintiff.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is remanded from the Eastern District of Louisiana to the Southern District of Mississippi.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen            J. Frederick Motz
Robert L. Miller, Jr.        Kathryn H. Vratil
David R. Hansen             Anthony J. Scirica*